1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRAWAY<br><br>          Plaintiff,<br>     v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC. dba FRESENIUS<br>MEDICAL CARE NORTH AMERICA, a<br>New York corporation,<br><br>          Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:14-cv-09469-BRO-JPR<br><br>**PROTECTIVE ORDER**<br><br>Judge:  Hon. Jean. P. Rosenbluth |

Defendant and counterclaimant Fresenius Medical Care Holdings, Inc. dba Fresenius Medical Care North America ("FMCNA"), proposes the following Protective Order for designation of discovery that may result in the disclosure of highly sensitive and confidential information. FMCNA believes that this confidential information includes sensitive sales and other financial information, sensitive market studies and strategy information, sensitive information regarding the design, structure, function and method of operation of FMCNA's products and other sensitive proprietary information. The interest of the party producing such information in restricting the disclosure and use of its confidential information described above far outweighs the interest of the public in having access to such information. Good cause accordingly exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect against improper disclosure or use of confidential information produced or disclosed in this case.

Based on the reasons stated above, and good cause appearing, IT IS HEREBY ORDERED as follows:

## I.  CLASSIFICATOIN OF INFORMATION

1.  "CONFIDENTIAL INFORMATION" means information, documents, or things (including transcripts) that (1) have not been made public, and (2) the designating party reasonably and in good faith believes contains or comprises trade secrets or other confidential research, development, commercial, or private information or documents.

## II.  PRODUCING AND DESIGNATING INFORMATION

2.  Any party to this action may designate anything as "CONFIDENTIAL INFORMATION" if it has a good faith belief that qualifies under Paragraph 1. Any non-party producing information in this action may so designate such materials pursuant to Paragraphs 21-23 below. Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading or otherwise) deemed to contain or constitute CONFIDENTIAL INFORMATION shall be so

designated by any party to this action, or any other supplier of that information, (1) in writing by typing, stamping, or affixing conspicuously on its face (in such a manner as will not interfere with the legibility thereof) "CONFIDENTIAL INFORMATION" at the time of production or service thereof, or (2) orally on the record at a deposition or conference.  Oral notice shall be effective only for those parties in attendance personally or by counsel, or for those parties who receive a transcript containing or marked with a confidentiality designation.  The designating party shall use due care to designate only information that truly merits such designation.

3.      The introduction of any CONFIDENTIAL INFORMATION into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the Court, future orders of the Court or by stipulation between the parties.

**A.      Production of Documents and Things**

4.      The designating party shall mark each affected document or thing with a legend stating "CONFIDENTIAL INFORMATION" as appropriate, or a comparable notice.  Where a document consists of more than one page, at least the first page and each page on which confidential information appears shall be so marked.  This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original that cannot be readily copied.  In the event it is impractical or infeasible to mark an affected document or thing, the designating party shall provide separate written notice.

5.      If a party inadvertently fails to mark a document that contains confidential information with the appropriate designation, it may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing.  For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice for any party in attendance personally or by counsel, or who receives a transcript containing such a notice.  Upon receiving such a notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to

(1) prevent improper use or disclosure of such information and (2) obtain the return of such information that it disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation in accordance with Paragraph 20 below, and subject to the exceptions in Paragraph 16 below regarding use or disclosure of information before receiving notice of any designation.  The designating party shall also provide a replacement, marked pursuant to Paragraph 4 above, for each affected document and thing.  After receipt of a marked replacement, and upon written request of the designating party, the receiving party shall certify in writing to counsel of the designating party that the receiving party has returned or destroyed, at its option, every affected unmarked document and thing and all copies thereof.

6.     Until seven (7) days after receipt, the receiving party shall treat all documents and things received from a producing party as being CONFIDENTIAL INFORMATION, regardless of how such documents or things are marked.  After that seven-day period, however, documents and things shall be treated in accordance with how they are actually designated, if at all, under Paragraphs 1-5 above.

**B.     Production for Inspection**

7.     Any entity that produces documents or things for inspection and copying may require within 30 days of the production, inspection, or copying, by written notice to the receiving party that, with respect to each document or thing, the document or thing shall be (i) treated as if it were designated as "CONFIDENTIAL INFORMATION" and (ii) reviewed only by persons whom this Protective Order authorizes to receive CONFIDENTIAL INFORMATION, and any copies, summaries, excerpts, compilations, notes, or other information obtained or generated during the inspection of the document or thing shall be treated as CONFIDENTIAL INFORMATION.  After designation by the producing party, the documents and things shall be treated in accordance with the designation, if any, of the producing party.

**C.     Depositions**

8.     A party may designate deposition transcripts and exhibits as

1    "CONFIDENTIAL INFORMATION" (a) orally on the record during the deposition;

2    or (b) by notifying all other parties in writing within 30 days of receiving the transcript of

3    the exhibits, transcript, or portions thereof, that contain CONFIDENTIAL

4    INFORMATION.

5          9.    Until thirty (30) days after receiving a deposition transcript, each party shall

6    treat the entirety of each deposition transcript, all information disclosed therein, and

7    each exhibit thereto as CONFIDENTIAL INFORMATION unless before the

8    deposition, the exhibit was properly treated as not having any CONFIDENTIAL

9    INFORMATION.  After the thirty (30) day period, however, deposition transcripts, all

10   information disclosed therein and each exhibit thereto, shall be treated in accordance

11   with how they are actually designated.

12       **D.**    **Redactions**

13         10.    Any producing party may redact material from documents and things it

14   produces, including matter that the producing party claims is subject to the attorney-

15   client privilege, work product immunity or other privilege or immunity.  The producing

16   party shall mark each document or thing where matter has been redacted with a legend

17   stating "REDACTED FOR PRIVILEGE" or a comparable descriptive notice.  Where a

18   document consists of more than one page, at least the first page and each page on which

19   information has been redacted shall be so marked.  The producing party shall preserve

20   an unredacted version of each document.  This provision shall not affect any obligation

21   to provide a log of information redacted or otherwise withheld on the basis of the

22   attorney-client privilege, work product immunity or other privilege or immunity.

23   **III.**    **LIMITATIONS ON USING AND DISCLOSING INFORMATION**

24       **A.**    **Limitations on Use and Disclosure**

25         11.    All CONFIDENTIAL INFORMATION produced or exchanged during

26   this litigation shall not be disclosed or used except for the purpose of conducting this

27   litigation, including any appeal resulting therefrom, and not for any other business,

28   commercial or other purpose whatsoever.  As an example only, such information shall

1   not be used by a recipient for any commercial purpose, for filing, prosecuting or

2   opposing any patent application (of any type) or a similar request for protection, for

3   patent reissue or reexamination request or for developing a product.

4        12.   Anything designated CONFIDENTIAL INFORMATION shall not be

5   disclosed or made available to any person or entity other than:

6        a.   Attorneys of Fish & Richardson, P.C., including necessary clerical

7   and support personnel, including third-party litigation support personnel (for example,

8   paralegals, data entry personnel, copy services, visual aid providers or jury consultants)

9   who are assisting such attorneys.  Any outside attorney or law firm other than those

10  indicated above may be added to this Protective Order as counsel of record for a party

11  upon ten (10) days advance written notice to all other parties, but shall not be added to

12  the Protective Order nor entitled to access to any CONFIDENTIAL INFORMATION

13  should any other party object in writing to the designation of counsel during such ten

14  (10) day period; any such objection shall be resolved by the Court if not resolved among

15  the parties;

16       b.   Plaintiff and counterclaim defendant Mr. James Harraway, and Stacy

17  Blasberg and Jay Morris, in-house counsel for FMCNA, along with their respective in-

18  house paralegal and clerical support staff who are directly involved in the litigation,

19  subject to the following restrictions:

20            (i)    Notwithstanding the foregoing, the in-house counsel

21       identified in the preceding Paragraph 12(b) shall not have access to view or

22       search any document database storing documents produced by the

23       opposing party or any non-party in this action;

24       c.   Outside experts, consultants, and mock jurors who are specifically

25  retained by a party to this action for purposes of this litigation and who are not

26  otherwise currently employed by (1) a party, or (2) any predecessor, parent or affiliated

27  company of a party, and all necessary clerical and support personnel who assist such

28  experts or consultants, subject to the provisions regarding designating persons under this

Protective Order in Paragraph 18 below;

   d. The Court and any persons the Court employs whose duties require access to the information, including jurors and court reporters; and

   e. Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, who are provided a copy of this Protective Order and advised that confidential information disclosed to them may not be used in any manner other than with respect to this action.

## B. Filing Under Seal

  13. Any discovery related issues filed with or submitted to the Court (including without limitation, pleadings, motions, transcripts or portions thereof) that comprises, contains, discloses, reproduces or paraphrases any information that is designated "CONFIDENTIAL INFORMATION" shall be filed under seal in accordance with the Civil Case Procedures of Judge Rosenbluth and the Local Rules of this Court.

  14. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal.  An application to file a document under seal shall be served on opposing counsel and on all unrepresented parties personally.  If opposing counsel or an unrepresented party wishes to oppose the application, he/she must contact the Court Room Deputy of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

## C. Depositions

  15. No person shall attend portions of depositions during which information designated as "CONFIDENTIAL INFORMATION" is disclosed unless such person is an authorized recipient of such information under this Protective Order.  If, during a deposition, the response to a question would require the disclosure of CONFIDENTIAL INFORMATION, the witness may refuse to answer or complete his or her answer, or any party that designated the information as confidential may instruct the witness not to answer or complete his or her answer, until any persons not

1   authorized to receive that information have left the room.  If the persons not authorized

2   to receive confidential information refuse to leave the room, the deposition shall

3   continue as to non-confidential matters only or may be adjourned, at the option of the

4   examining party.  Each party reserves its right to demand the suspension of the taking of

5   the deposition under Rule 30(d).

6        **D.**    **Exceptions**

7       16.    Nothing in this Protective Order shall prohibit or otherwise restrict the use

8   or disclosure of information, documents or things, if, at the time of such use or

9   disclosure:

10         a.    A party is merely using or disclosing its own information.  A party

11  may freely use and disclose its own CONFIDENTIAL INFORMATION without

12  restriction;

13         b.    The Court has ordered such use or disclosure, or the Court has

14  ordered the relevant information undesignated.  If the Court orders such use or

15  disclosure, then unless the Court orders otherwise, the information, and any entity

16  receiving any such information, shall otherwise be subject to this Protective Order;

17         c.    Each party that produced the information or designated the

18  information as "CONFIDENTIAL INFORMATION" has consented in writing to such

19  use or disclosure;

20         d.    The information is used or disclosed in the examination, at a

21  deposition hearing, or trial, of any current or former officer, director, employee, agent,

22  expert or consultant of the party whose information is used or disclosed, so long as that

23  person had access or knowledge of the information;

24         e.    The person or entity receiving the information wrote, was the source

25  for, or lawfully previously received that information.  Counsel may examine a witness in

26  a good faith effort to determine whether that person had access to or knowledge of the

27  information, provided that such examination be undertaken without the disclosure of

28  the substance of such confidential information to the witness unless and until counsel

PROTECTIVE ORDER                        Case No. 2:14-cv-09469-BRO-JPR

1   has determined, in good faith, from such examination that the witness did, in fact, have

2   lawful access to such information prior to this litigation;

3          f.     The information (1) was part of the public domain or publicly

4   available when it was produced, or (2) becomes part of the public domain or publicly

5   available through no act, omission or fault of any receiving party or its counsel or agents,

6   and through no unlawful or improper act of any other person;

7          g.     The information is or was independently developed, prior to receipt

8   in this litigation, by the party wishing to use or disclose the information; or

9          h.     The information (1) is or was in the lawful possession of the party

10  wishing to use or disclose the information, and (2) was not acquired under any obligation

11  of confidentiality to the designating party, nor through the illegal act of any person.

12      17.    Notwithstanding any provision of this Protective Order, nothing in this

13  Protective Order shall prohibit or otherwise restrict counsel from referring to in a very

14  general way, relying on, or evaluating CONFIDENTIAL INFORMATION in the

15  course of advising a party client with respect to this litigation, provided, however, that

16  counsel shall not disclose the specific substance or content of any CONFIDENTIAL

17  INFORMATION if such disclosure would violate this Protective Order.

18  **IV.    DESIGNATING PERSONS UNDER THE PROTECTIVE ORDER**

19      18.    The parties may in good faith disclose "CONFIDENTIAL

20  INFORMATION" to mock jurors and jury consultants under the Protective Order

21  provided such persons (i) execute a general confidentiality agreement; (ii) are not actually

22  provided any copies or excerpts of materials designated "CONFIDENTIAL

23  INFORMATION"; and (iii) return all notes or testing instruments upon conclusion of

24  the exercise.  Confidential Business Information designated "CONFIDENTIAL

25  INFORMATION" shall not otherwise be disclosed by the receiving party to its

26  independent technical, damages, or other consultants retained for purposes of this

27  litigation and their necessary employees until the procedures in subparagraphs (a)

28  through (d) are followed:

a.      At least ten (10) days before the designated Confidential Information is to be disclosed to any independent expert or consultant or employees thereof, the party wishing to disclose such information shall provide to the opposing party:

(i)      The person's name, business address, present employer and a current copy of the person's curriculum vitae;

(ii)      The names of any employees who will be assisting the person; and

(iii)      An agreement, in the form attached hereto as Exhibit A, from each person and each employee identified in Paragraph (ii) that they have read this Protective Order and agree to be bound by all of the provisions hereof and to be subject to the jurisdiction of this Court for enforcement.

b.      Unless counsel of record for any party notifies proposing counsel of its objection to any person proposed hereunder within ten (10) days after receipt of the information referred to in Paragraph 18(a) above, such person(s) shall thereafter be entitled to receive CONFIDENTIAL INFORMATION pursuant to the provisions of this Protective Order.

c.      Should counsel of record notify proposing counsel of its objection to any person proposed hereunder, the parties shall meet and confer within 10 days of any such objection.  If the meet and confer is unsuccessful, the party objecting to the disclosure to the expert will have 21 days from the date of its written objection to file a motion, in compliance with Local Rule 37 if applicable, seeking relief from the Court, provided, however, that no information designated as "CONFIDENTIAL INFORMATION" may be disclosed to any person as to whom an objection has been made until the motion is decided by the Court or by an appellate court, should appellate review be sought.  If relief is not sought from the Court within 21 days following the written objection, the objection shall be deemed withdrawn.  In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of

harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the protected material to its expert.

        d.     Each party agrees that it will not contact any consultant or employee thereof of the opposing party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of "any witness who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4).

        19.    Counsel for any Receiving Party who discloses information designated "CONFIDENTIAL INFORMATION" to any person who is authorized to receive such information, shall be responsible for obtaining and keeping a copy of an executed agreement for each such person, as required by Paragraph 18 above.

## V. DISPUTES REGARDING DESIGNATIONS

        20.    Any party to this action may contest at any time the designation of anything as "CONFIDENTIAL INFORMATION" by giving the designating party written notice that identifies the relevant designated information and states in reasonable detail the reasons why the information should not be so designated. Any parties in disagreement about such designations shall meet and confer in compliance with Local Rule 37 to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after a party contests the designation, any party may thereafter petition the Court to resolve the matter within 30 days after a party contests designation. If such an objection or petition is made, such information shall be treated according to the designation that the designating party gives it until the issue is resolved in writing by the parties or the petition is decided by the Court or an appellate court, should appellate review be sought. If no petition is made to the Court within 30 days after a party contests designation, the challenge will be deemed withdrawn.

## VI. THIRD PARTIES

        21.    This Protective Order applies to all information that a non-party discloses in connection with this litigation. All information that any non-party designates as "CONFIDENTIAL INFORMATION" shall be treated as such in accordance with the

terms of this Protective Order, subject to any party's rights to contest any designation in accordance with Paragraph 20 above.

22.     If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated "CONFIDENTIAL INFORMATION" in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

23.     Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order.  If the designating party wishes to contest any such request or order, it shall have the burden of doing so.  The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b) (i) it need not be complied with yet, and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII.   WAIVER AND INADVERTANT DISCLOSURES

24.     If a producing party inadvertently discloses information without designating such information as "CONFIDENTIAL INFORMATION," that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

25.     Neither the existence of this Protective Order, nor the designation of anything as "CONFIDENTIAL INFORMATION" shall, in and of itself, raise any inference as to whether the designated information is confidential.

### A.     Privilege or Immunity

26.     Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity.  Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

27.     If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within twenty (20) days of becoming aware of the inadvertent disclosure.  The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including, without limitation, notes or work product), and to preclude the further use or disclosure thereof.

28.     If written notice of inadvertent disclosure is provided within 20 days of the party becoming aware of the relevant inadvertent disclosure, then the parties will comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).  If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement.  If those parties cannot resolve their disagreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the Court in compliance with Local Rule 37 to resolve the matter.  The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written notice was provided within the required 20 days.  When written notice of

1   inadvertent disclosure is provided within 20 days of the party becoming aware of the

2   inadvertent disclosure, the Court will rule on claims of privilege or immunity without

3   regard to the fact that such information has been disclosed or used.

4   **VIII.  VIOLATION**

5           29.     Each person, entity, or third-party who has signed this Protective Order

6   that receives any information designated as "CONFIDENTIAL INFORMATION"

7   agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding

8   relating to the performance under, compliance with, or violation of this Protective

9   Order, even after the conclusion of this litigation.

10          30.     Each party shall be entitled to all remedies existing under law and equity if

11  any information that is designated (at the time of use or disclosure) "CONFIDENTIAL

12  INFORMATION" is used or disclosed in violation of this Protective Order, or if any

13  term of this Protective Order is violated in any other way.  It shall not be a defense to a

14  request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

15          31.     If any information that is designated (at the time of use or disclosure)

16  "CONFIDENTIAL INFORMATION" is used or disclosed other than in the manner

17  authorized by this Protective Order, then the party responsible for such use or disclosure

18  shall immediately disclose such use or disclosure to counsel of record and each entity

19  that supplied or designated the affected information and, without prejudice to other

20  rights and remedies available to the supplier or designator, shall make every effort to

21  obtain the return of such information and prevent further improper use or disclosure of

22  such information.  Such disclosure shall include: (a) a description of the confidential

23  information used or disclosed (with Bates numbers of any documents involved, if

24  known); (b) the date and nature of the use and disclosure; (c) the identity of the

25  person(s) who made such use or disclosure and to whom the confidential information

26  was disclosed; and (d) a description of the efforts taken to comply with the provisions of

27  this paragraph.

28          32.     Except as provided for elsewhere in this Protective Order, any disclosure

or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice.

## IX. CONCLUSION OF LITIGATION

33. Absent a court order or written permission of the disclosing and designating party or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

34. Upon written request by the disclosing or designating party or parties after the conclusion of this litigation and all appeals therefrom, and absent a court order to the contrary (a) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed; and (b) anything (including, without limitation, exhibits and attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION" shall be returned to the producing party or destroyed. Each party or entity (including, without limitation, court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel for the producing party that it returned or destroyed, at its option, every such document and thing, and all copies, summaries and abstracts thereof, in its possession, custody or control.

35. Notwithstanding Paragraph 34 above, each firm having counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the Court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as "CONFIDENTIAL INFORMATION," subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival

1   copy shall be disclosed to anyone other than that counsel's partners, associates or

2   employees.

3       36.     Plaintiff in the above-titled case, who is currently unrepresented by counsel,

4   is subject to the requirements of Paragraph 34.  To the extent Plaintiff remains

5   unrepresented by counsel through the termination of this case, Plaintiff shall have the

6   ability, upon reasonable notice, to request inspection of documents maintained pursuant

7   to Paragraph 35 by counsel for any other party.  If such a request is made, counsel

8   receiving the request shall make available to Plaintiff within a reasonable time and at

9   counsel's offices closest to Plaintiff's residence, documents retained pursuant to

10  Paragraph 35.  During any such inspection, Plaintiff may not copy any

11  "CONFIDENTIAL INFORMATION" and counsel may monitor Plaintiff's access to

12  any such "CONFIDENTIAL INFORMATION."  Counsel need only maintain

13  documents and records related to this litigation, including "CONFIDENTIAL

14  INFORMATION" pursuant to Paragraph 35 as long as they would in the normal course

15  of business.

16      37.     The Court retains jurisdiction FOR A PERIOD OF TWO YEARS

17  FOLLOWING the final disposition of this litigation to enforce this Protective Order

18  and to make such amendments, modifications, deletions and additions to this Protective

19  Order as the Court may from time to time deem appropriate.  The parties hereto reserve

20  all rights to apply to the Court at any time, before or after final disposition, for an order:

21  (a) modifying this Protective Order; (b) seeking further protection against discovery or

22  other use of confidential information, or documents, transcripts or other materials

23  reflecting confidential information; or (c) seeking further production, discovery,

24  disclosure or use of claimed confidential information, or documents, transcripts or other

25  materials reflecting confidential information.

26  **X.   AMENDMENTS**

27      38.     Changes or exceptions to this Protective Order may be made only by

28  written agreement of the parties subject to court approval, or by court order.

39.     This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any Court ruling concerning information that is or was designated "CONFIDENTIAL INFORMATION," or (d) to seek any additional protection that the party deems appropriate.

## XI.   SOURCE CODE

40.     To the extent any party, or third party to this litigation, produces computer source code that it in good faith believes should be subject to rules governing its dissemination that are stricter than the provisions of this Protective Order for the handling of CONFIDENTIAL INFORMATION, that source code shall be treated as follows:

41.     Any such material shall be produced on password-protected electronic media (such as CD-ROM, DVD-ROM, or external hard drive) bearing the designation "HIGHLY CONFIDENTIAL – SOURCE CODE."  The producing party shall mark the media as "HIGHLY CONFIDENTIAL – SOURCE CODE," but the producing party need not mark the individual files contained in the media with that designation. Access to such material shall be subject to additional protections given the particularly sensitive nature of the information and shall be limited to outside counsel for the receiving parties, to James Harraway alone, but only if James Harraway has not retained counsel in this case, and to experts, consultants, and associated personnel pursuant to Paragraph 12(c); the Court and associated personnel pursuant to Paragraph 12(d); and officers and associated personnel pursuant to Paragraph 12(e).  Any third party to this litigation that produces source code will be afforded the same rights as the parties to oppose disclosure of the third party's source code.  The source code of third parties will not be shown to any expert, consultant, or associated personnel pursuant to Paragraph 12(c) until the third party is given notice (including the information required by

PROTECTIVE ORDER                                      Case No. 2:14-cv-09469-BRO-JPR

Paragraph 18(a)) and a reasonable opportunity to object.

42.   The copying of media bearing the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be strictly limited.  The produced electronic media shall be copied only to non-networked, stand-alone laptops or desktop computers.  Plaintiff Harraway and FMCNA will each be limited to a total of three such non-networked, stand-alone laptops or desktop computers (for a total of six stand-alone computers).  This total includes any standalone computers accessible to experts or consultants disclosed pursuant to Paragraph 12(c).  Access to the stand- alone computers shall be restricted by password protection to avoid access by unauthorized individuals.  The password shall be disclosed only to those individuals authorized to have access to "HIGHLY CONFIDENTIAL – SOURCE CODE."  The stand-alone computers shall be kept in a secure location that remains locked when not in regular use.  The source code shall not be copied or transmitted to any computer other than the stand-alone computers.  Each consultant, expert, or attorney will record on a log every page of source code that has been printed ("printed logs"), and identify the purpose of printing the pages.  Furthermore, the amount of source code printed will be limited only to what is necessary for the identified purpose and what is required by the rules of evidence relating to completeness.  Source code will only be printed for use in depositions, filings with the Court, and expert reports.  Printed pages of source code cannot be photocopied except as copies for depositions, filings with the Court, and expert reports.  All printed pages shall bear the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation.

43.   The password-protected stand-alone computers shall be maintained by recipients Fish & Richardson P.C. at its offices, at the offices of a third party escrow company (to be identified later) experienced in the hosting of confidential electronic information and under the conditions set forth above at a location within 35 miles of Plaintiff Harraway, or at the offices of experts or consultants disclosed pursuant to Paragraph 12(c).  The stand-alone computers and any printed code sections (appropriately entered in the printed logs) may be transported to the site of any

deposition where testimony relating to the source code is to be solicited, to the Court, or between offices of the recipients listed above.  Transportation to intermediate locations reasonably necessary to bringing the computer and/or the printed code sections to the deposition site, Court, or recipient office (e.g., a hotel prior to deposition) shall be permitted.

44.     Access to documents or notes pertaining to source code created by individuals authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall be limited to persons entitled access to "HIGHLY CONFIDENTIAL – SOURCE CODE" material.  Any such documents or notes may reasonably discuss, refer to, and/or reproduce minor portions of the source code but shall not substantially or unreasonably copy or reproduce the source code either in whole or in part.

45.     No source code or documents describing the source code shall be lodged or filed with the Court except under seal and referencing this Protective Order.  If required in connection with any motion or other proceedings, additional stand-alone computers containing the source code may be used in a courtroom or in chambers.

46.     At the end of the case, any entity receiving source code will certify that: (a) all external media, print-outs, notes regarding any source code, and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed (sealed) pleadings or admitted into evidence; (b) the hard drives of the stand-alone computers have been reformatted; and (c) the print logs have been archived along with counsel's other records from this litigation.  Other than set forth in this paragraph, counsel may not maintain a file copy of source code material.

47.     Nothing in this Order shall obligate the parties to produce any particular portion of source code and this Order is not an admission that any particular portion of source code is discoverable, relevant, or admissible.

## XII.   LIMITATIONS ON EXPERT DISCOVERY

48.     The parties agree that discovery of expert materials be limited to final expert reports and materials relied upon in connection with those reports, and that

1   communications with counsel and draft reports not be discoverable.

2   **IT IS SO ORDERED.**

3   DATED: December 18, 2015

4

5   _____
    Honorable Jean P. Rosenbluth

6   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                                    Case No. 2:14-cv-09469-BRO-JPR

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES HARRAWAY<br><br>                Plaintiff,<br><br>        v.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC. dba FRESENIUS MEDICAL CARE NORTH AMERICA, a New York corporation,<br><br>                Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIMS<br>_____ | Case No. 2:14-cv-09469-BRO-JPR<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

        I, _____, declare and say that:

        1.        I am employed as _____

by _____.

        2.        I have read the Protective Order entered in *Harraway v. Fresenius Medical Care Holding, Inc. dba Fresenius Medical Care North America*, Case No. 2:14-cv-09469-BRO, and have received a copy of the Protective Order.

        3.        I promise that I will use any and all information designated "CONFIDENTIAL INFORMATION," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

        4.        I promise that I will not disclose or discuss information designated "CONFIDENTIAL INFORMATION" with anyone other than the persons authorized under Paragraph 12 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of information designated "CONFIDENTIAL INFORMATION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:      _____

_____